IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

MAY 1 4 2007

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:07cr140 |
| | ) | |
| CHRISTOPHER E. EAVES, | ) | |
| a/k/a "CEAVES" | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Jay V. Prabhu, Special Assistant United States Attorney, the defendant, CHRISTOPHER E. EAVES, and the defendant's counsel, David W. O'Brien, have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

**1.     Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a single count criminal information charging the defendant with conspiracy to to violate the laws of the United States, in violation of Title 18, United States Code, Section 371, specifically to violate the federal criminal copyright laws, Title 18, United States Code, Section 2319(b)(1) and Title 17, United States Code, Section 506(a)(1)(A). The maximum penalties for this offense are a maximum term of 5 years of imprisonment, a fine of $250,000, full restitution, a special assessment, and 3 years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

1

## 2.     Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

## 3.     Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a.       the right to plead not guilty and to persist in that plea;

b.       the right to a jury trial;

c.       the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

d.       the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

## 4.     Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that

the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738, the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

5.   **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

3

### 6.     Waiver of DNA Testing

The defendant also understands that Title 18, United States Code, Section 3600 affords a defendant the right to request DNA testing of evidence after conviction.  Nonetheless, the defendant knowingly waives that right.  The defendant further understands that this waiver applies to DNA testing of any items of evidence in this case that could be subjected to DNA testing, and that the waiver forecloses any opportunity to have evidence submitted for DNA testing in this case or in any post-conviction proceeding for any purpose, including to support a claim of innocence to the charges admitted in this plea agreement.

### 7.     Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

### 8.     Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9.      **Restitution for Offense of Conviction**

Regarding restitution, the parties agree that the number of identifiable victims in this case is so large as to make restitution impracticable, and that determining complex issues of fact related to the amount of the victims' losses would complicate and prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process. Accordingly, pursuant to Title 18, United States Code, Section 3663A(c)(3), restitution is not mandatory. The defendant understands that Title 18, United States Code, Section 3664 and Sections 5E1.1 and 5E1.2 of the Sentencing Guidelines set forth the factors to be weighed in setting a fine and restitution and in determining the schedule, if any, according to which restitution is to be paid in this case. The defendant agrees to provide full and truthful information to the court and United States Probation Officer regarding all details of his economic circumstances in order to determine the fine and restitution and proper restitution schedule according to which the defendant may be ordered to pay. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the court.

10.      **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts.

11.      **Prosecution in Other Jurisdictions**

The United States Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction.

Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the United States Attorney's Office for Eastern District of Virginia agrees, upon request, to contact that jurisdiction and ask that jurisdiction to abide by the immunity provisions of this plea agreement. The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

12.    **Forfeiture Agreement**

The defendant agrees to forfeit all interests in all of the infringing items, infringing copies of copyrighted works, as well as, implements used in the reproduction and/or distribution of such infringing copies, including, but not limited to the following specific property:

    i.      Assorted recordable compact discs, diskettes, and DVDs recovered during a search of defendant's residence on September 22, 2004, including the boxes, cases, spindles, and sleeves that contained them;

    ii.     One CPU, Serial number 021463057;   .

    iii.    One Sony Notebook Computer, Model PCG-974L, Serial number 283293303427952; and

    iv.    Two CPUs without any serial numbers recovered during a search of defendant's residence on September 22, 2004.

The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

6

13.     **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct.

14.     **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.      The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed.  Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal

8

Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant

agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 15.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States,

the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no

threats, promises, or representations have been made, nor agreements reached, other than those set

forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of

this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea

agreement signed by all parties.

Chuck Rosenberg
United States Attorney

By: _____

Jay V. Prabhu
Special Assistant United States Attorney

Defendant's Signature:  I hereby agree that I have consulted with my attorney and fully

understand all rights with respect to the criminal information. Further, I fully understand all rights

with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may

apply in my case. I have read this plea agreement and carefully reviewed every part of it with my

attorney. I understand this agreement and voluntarily agree to it.

Date: 5-14-07    _____

CHRISTOPHER E. EAVES
Defendant

9

Defense Counsel Signature: I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending information.  Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 5/14/07

David W. O'Brien
Counsel for the Defendant CHRISTOPHER E. EAVES

**U. S. DEPARTMENT OF JUSTICE**
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 1:07cr140 |
| DEFENDANT'S NAME: | CHRISTOPHER E. EAVES |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

| | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Alexandria cases:** | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 | |
| **Richmond cases:** | Clerk, U.S. District Court<br>1000 E. Main Street, #307<br>Richmond, VA 23219 | |
| **Newport News cases:** | Clerk, U.S. District Court<br>101 - 25th Street, 2nd Floor<br>Newport News, VA 23607 | Clerk, U.S. District Court<br>P. O. Box 494<br>Newport News, VA 23607 |
| **Norfolk cases:** | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 | |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. **ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT**